## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

DEBORAH SCHRIDER,                           *

Plaintiff,                                  *

                                            *

v.                                          *

                                            *        Civil No. 24-2978-BAH

DEVLIN CONTRACTING AND                      *
MAINTENANCE, INC., ET AL.,

                                            *

Defendants.                                 *

\*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*

### MEMORANDUM OPINION

Deborah Schrider ("Plaintiff") brought suit against her former employers, Devlin Contracting and Maintenance, Inc. ("Devlin Contracting"), Devlin Solar, Inc. ("Devlin Solar"), Matthew Devlin, Brian Devlin, and Cindy Ingemi (collectively "Defendants"), to collect unpaid wages, liquidated treble damages, and reasonable attorney's fees and costs for violations of the Maryland Wage Payment and Collection Law, Maryland Code, Labor and Employment Article ("LE") §§ 3-501 et seq. (hereinafter "MWPCL"). *See* ECF 1 (complaint). On November 15, 2024, Plaintiff moved for entry of default as to all Defendants, which the Clerk entered that same day. ECF 10 (motion for Clerk's entry of default); ECF 11 (Clerk's entry of default); ECFs 12–16 (notices of default for each Defendant). On November 19, 2024, Plaintiff filed a motion for default judgment. ECF 17. On September 30, 2025, the Court provisionally granted Plaintiff's motion for default judgment against Matthew Devlin, Devlin Contracting, and Devlin Solar, but denied default judgment as to Brian Devlin and Cindy Ingemi. *See* ECF 18 (memorandum opinion); ECF 19 (implementing order). Additionally, the Court denied Plaintiff's request for attorney's fees and costs because Plaintiff did not provide proof of attorney's fees and costs with sufficient specificity

for the Court to perform the required analysis to determine whether the request was reasonable. *See* ECF 18, at 25–27. The Court ordered Plaintiff to submit a status report regarding how she planned to proceed with her claims against Brian Devlin and Cindy Ingemi, and afforded Plaintiff. an opportunity to supplement the record on attorney's fees. *Id.* at 27.

Before the Court are Plaintiff's submissions of supplemental documentation in support of a final order of default judgment against Matthew Devlin, Devlin Contracting, and Devlin Solar, and an award of attorney's fees and costs. *See* ECF 20; ECF 22. The Court has reviewed all relevant filings and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). Accordingly, for the reasons stated below, the Court **AMENDS** the default judgment order, ECF 19, and enters final default judgment against Matthew Devlin, Devlin Contracting, and Devlin Solar, dismisses all claims against Brian Devlin and Cindy Ingemi, and awards Plaintiff damages, attorney's fees, and costs.

## I.   BACKGROUND

Plaintiff filed the complaint on October 11, 2024.[1] ECF 1. After Defendants failed to file a responsive pleading, the Clerk entered default as to all Defendants on November 15, 2024. *See* ECF 11. Plaintiff then filed the motion for default judgment. ECF 17. On September 30, 2025, the Court provisionally granted the motion for default judgment as to Matthew Devlin, Devlin Solar, and Devlin Contracting and determined damages as to those three defendants. *See* ECF 18, at 15–25. The Court, however, vacated the entry of default and denied the motion for default judgment as to Brian Devlin and Cindy Ingemi, finding that they were not properly served. *See id.* at 11–12. Because the Court chose not to enter default against a subset of defendants when all

---

[1] The Court incorporates the relevant factual allegations as set forth in the Court's previous memorandum opinion, ECF 18.

2

defendants were alleged to be jointly and severally liable, Plaintiff was asked to submit a status report addressing how she planned to proceed against Brian Devlin and Cindy Ingemi before final default judgment could be entered. *Id.* at 14–15. The Court also found that Plaintiff's request for attorney's fees was unsupported and afforded Plaintiff an opportunity to supplement the record regarding her request for attorney's fees. *Id.* at 25–27.

Plaintiff submitted a status report and "supplemental submission in support of attorney's fees" on October 14, 2025. *See* ECF 20. In her status report, Plaintiff indicated that she "does not intend to pursue her claims against Defendants Brian Devlin or Cindy Ingemi," and requested that the Court "[d]eem the claims against Brian Devlin and Cindy Ingemi withdrawn" and "[e]nter final judgment" against Matthew Devlin, Devlin Contracting, and Devlin Solar, "consistent with the findings and damages awarded in the Court's September 30, 2025 memorandum opinion." ECF 20, at 1–2. Plaintiff also submitted argument in support of reasonable attorney's fees, *see id.* at 2–5, and supplied documentation in support of her request, *see* ECF 20-1. Upon review, the Court noted a discrepancy between the fees requested and the documentation provided, and asked Plaintiff to clarify the discrepancy. *See* ECF 21 (noting that while Plaintiff requested $36,501.66 in attorney's fees and costs, the invoices reflected that she only incurred $18,139.39 in legal services, paralegal services, and costs). On October 31, 2025, Plaintiff filed the requested documentation. *See* ECF 22-1, at 1. Plaintiff requests $36,556.66 in total fees and costs. *Id.*

## II.   LEGAL STANDARD

As noted in ECF 18, pursuant to Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." The Court may conduct hearings or make referrals when necessary to determine the damages, establish

3

the truth of any allegation by evidence, or investigate any other matter. Fed. R. Civ. P. 55(b)(2). Thereafter, the court may enter default judgment at the plaintiff's request and with notice to the defaulting party. *Id.*

If the complaint avers sufficient facts from which the court may find liability, the court turns to damages. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780–81 (4th Cir. 2001). The court must make an independent determination regarding damages and cannot accept as true factual allegations of damages. *See S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 422 (D. Md. 2005). While the court may conduct an evidentiary hearing to determine damages, it is not required to do so; it may rely instead on affidavits or documentary evidence in the record to determine the appropriate sum. *See Monge v. Portofino Ristorante*, 751 F. Supp. 2d 789, 795 (D. Md. 2010) (collecting cases).

## III.    ANALYSIS

### A.    Default Judgment and Damages

Plaintiff "does not intend to pursue her claims against Defendants Brian Devlin or Cindy Ingemi." ECF 20, at 1. Accordingly, she requests that the Court "[d]eem the claims against Brian Devlin and Cindy Ingemi withdrawn" and enter final default judgment against Matthew Devlin, Devlin Solar, and Devlin Contracting consistent with the Court's previous memorandum opinion at ECF 18. *Id.* at 1–2. As noted in the Court's previous letter order, ECF 21, the Court observes that dismissal of Plaintiff's claims against Brian Devlin and Cindy Ingemi permits adjudication of the matter with respect to all defendants and will not cause logically inconsistent or contradictory results. ECF 21; *see also Frow v. De La Vega*, 82 U.S. 552, 554 (1872); *Choice Hotels Int'l, Inc. v. Mander*, Civ. No. GJH-14-3159, 2015 WL 1880277, at *2 (D. Md. Apr. 22, 2015).

4

Accordingly, Plaintiff's claims against Brian Devlin and Cindy Ingemi are DISMISSED. The default judgment order, ECF 19, is AMENDED to enter final default judgment against Matthew Devlin, Devlin Solar, and Devlin Contracting. As noted in the Court's previous memorandum opinion, the Court awards damages in the amount of $532,840,[2] for which Matthew Devlin, Devlin Solar, and Devlin Contracting are jointly and severally liable. *See* ECF 18, at 21–25; ECF 19, at 1.

### B.    Attorney's Fees

A court may also award "reasonable counsel fees and other costs" to a prevailing party under the MWPCL, LE § 3-507.2(b), which Plaintiff has requested in the amount of $36,556.66, ECF 22, at 1. The court determines the reasonableness of an attorney's fee by starting with the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). This is commonly known as the "lodestar" method. *Grissom v. The Mills Corp.*, 549 F.3d 313, 320 (4th Cir. 2008).

In making an inquiry into the reasonableness of hourly rates, the Fourth Circuit follows the "locality rule," whereby "[t]he community in which the court sits is the first place to look to in evaluating the prevailing market rate." *Montcalm Pub. Corp. v. Virginia*, 199 F.3d 168, 173 (4th Cir. 1999) (citation omitted) (internal quotation marks omitted). "Evidence of the prevailing market rate usually takes the form of affidavits from other counsel attesting to their rates or the prevailing market rate. However, in the absence of sufficient documentation, the court may rely on its own knowledge of the market." *CoStar Group, Inc. v. LoopNet, Inc.*, 106 F. Supp. 2d 780, 788 (D. Md. 2000).

---

[2] This number is the total amount the Court awarded to Plaintiff for her unpaid commissions and overrides—$266,420—doubled pursuant to the damage enhancement provision of the MWPCL. *See* ECF 18, at 21–25; ECF 19, at 1.

As to reasonable hours, "the plaintiff 'must show that the number of hours for which [she] seeks reimbursement is reasonable and does not include hours that are excessive, redundant, or otherwise unnecessary.'" *McFadden v. L&J Waste Recycling, LLC*, Civ. No. ELH-16-2744, 2017 WL 3007070, at *7 (D. Md. July 14, 2017) (quoting *Travis v. Prime Lending*, No. 3:07cv00065, 2008 WL 2397330, at *4 (W.D. Va. June 12, 2008)). As such, "the party seeking fees 'has the burden of proving hours to the district court by submitting contemporaneous time records that reveal all hours for which compensation is requested and how those hours were allotted to specific tasks.'" *Gonzalez v. Caron*, Civ. No. 10-2188-CBD, 2011 WL 3886979, at *3 (D. Md. Sept. 2, 2011) (quoting *CoStar Grp., Inc.*, 106 F. Supp. 2d at 788).

The Court is also guided by twelve factors in determining whether a fee request is reasonable. *See Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1978) (adopting twelve factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974)). These factors (referred to hereinafter as the "*Johnson* factors") include:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Barber*, 577 F.2d at 226 n.28; *see also Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243–44 (4th Cir. 2009). The Court is not required to analyze each factor individually or even examine every factor but may instead consider the factors as a whole. *Martin v. Mecklenburg Cnty.*, 151 F. App'x 275, 283 (4th Cir. 2005).

6

While "[a]n attorney may … recover for compensable work generally performed by paralegals at the paralegal rate," "clerical, ministerial, or administrative work should not be compensated as an award for attorney's fees, no matter who performs it." *Kubas v. 331B, LLC*, Civ. No. EA-20-2456, 2024 WL 3487890, at *4 (D. Md. July 19, 2024) (cleaned up) (collecting cases). "In this District, clerical tasks include: (1) collating and filing documents with the court; (2) issuing summonses; (3) scanning, and mailing documents; (4) reviewing files for information; (5) printing pleadings and preparing sets of orders; (6) document organization; (7) creating notebooks or files and updating attorneys' calendars; (8) assembling binders; (9) emailing documents; and (10) logistical telephone calls with the clerk's office or the judge's chambers." *Jermaine G. v. Kijakazi*, Civ. No. GLS-21-2445, 2023 WL 5346140, at *5 (D. Md. Aug. 21, 2023).

Plaintiff asserts that the fees requested are reasonable and provides an affidavit from Counsel and invoices in support thereof. *See* ECF 17-2 (Counsel's affidavit); ECF 20-1 (partial invoices); ECF 22-1 (complete set of invoices). The Court has reviewed the updated set of invoices and calculates 67.5 hours billed by Counsel at $500 per hour ($33,750 in total), 7.8 paralegal hours billed at $125 per hour ($975 in total), and costs in the amount of $1,526.66, totaling $36,251.66.[3] *See* ECF 22-1. The invoices also reflect 4.7 hours of attorney work that Plaintiff does not request reimbursement for. ECF 20, at 4 (noting that the work performed by another attorney on Plaintiff's

---

[3] The amount calculated by the Court is $305 less than the amount sought. The discrepancy originates in the December 2024 and May 2025 invoices. First, the invoice dated December 2, 2024 reflects 16.7 attorney hours and 2.7 paralegal hours worked, which, based on the hourly rates, should total $8,687.50, but the total service amount listed on the bill is $8,937.50. *See* ECF 20-1, at 7–8; ECF 22-1, at 24–25. The Court also observes that the December 2024 invoice in ECF 22-1 appears to be missing numbers, so the Court relies on the December 2024 invoice in ECF 20-1, which Counsel represents is the same invoice. ECF 22, at 1 ("This discrepancy was the result of counsel's inadvertent omission of invoices prior to September 2024."). Second, the invoice dated May 1, 2025 shows 0.4 attorney hours and 0.2 paralegal hours worked, which should total $225, but the total service amount listed on the bill is $280. *See* ECF 20-1, at 12; ECF 22-1, at 29.

7

case "has been written off and is not included" in the request for fees); *see* ECF 22-1, at 19–20,

24–25. The Court first analyzes the reasonableness of the hourly rates and then turns to the hours

worked.

          1.     <u>Reasonable Billing Rate</u>

Counsel asserts in his affidavit that the attorney billing rate of $500 per hour and paralegal

billing rate of $125 per hour are both reasonable because those rates are consistent with the

prevailing rates in his community, which he identifies as the "D.C., Maryland, and Virginia"

areas.[4] ECF 17-2, at 1–2 ¶¶ 6–7.

Counsel does not present additional documentation in support of the reasonableness of the

billing rates, such as affidavits of other local lawyers, so the Court may rely on its own knowledge

of the market to provide this information. *CoStar Grp., Inc.*, 106 F. Supp. 2d at 788. "In the

District of Maryland, this market knowledge is embedded in the Guidelines" set forth in the Local

Rules. *Gonzalez*, 2011 WL 3886979, at *2. This Court recently updated its Guidelines Regarding

Hourly Rates in the Local Rules, which now provide:

> Reasonable hourly rates should be determined by the Court using declarations,
> affidavits, stipulations by the parties, or other evidence. A useful guideline for
> hourly rates may be provided by the Fitzpatrick Matrix* as adjusted annually, with
> a reduction of 5% to 20% (to reflect differences between the legal markets in
> Washington, D.C. and Maryland).

Loc. R. App. B, Guideline 3 (D. Md. Dec. 2025). While fee matrices can be a "useful starting

point to determine fees[,]" the court must consider all relevant evidence when assessing the

---

[4] Plaintiff also argues that Counsel's rates are reasonable even though they are "above those in
Appendix B of the Local Rules," ECF 20, at 3, referencing the prior iteration of this Court's Local
Rules which included a fee matrix. *See* Loc. R. App. B, Guideline 3 (D. Md. July 2025). However,
as of December 1, 2025, the Local Rules no longer contain a fee matrix and instead provide the
revised guidance noted herein. *See* Section III.B.1; Loc. R. App. B, Guideline 3 (D. Md. Dec.
2025).

reasonableness of an attorney's fees and "may not elevate a matrix above all other types of evidence or treat a matrix as establishing a presumptive answer or range of answers." *De Paredes v. Zen Nails Studio LLC,* 134 F.4th 750, 753–54 (4th Cir. 2025) (quoting *Newport News Shipbuilding & Dry Dock Co. v. Holiday*, 591 F.3d 219, 229 (4th Cir. 2009)). "Instead, the court must consider all relevant evidence to determine 'the prevailing market rates in the relevant community,' including lawyer affidavits, fee awards in similar cases, general surveys, fee matrices, and even its 'own personal knowledge[.]'" *Id.* at 754 (first quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984), then quoting *Rum Creek Coal Sales, Inc. v. Caperton*, 31 F.3d 169, 179 (4th Cir. 1994)) (additional citations omitted).

The Court is satisfied that the hourly rates here are reasonable based on Counsel's affidavit as well as a cross-check with the Fitzpatrick Matrix. As to Counsel's rate, *Johnson* factor nine (experience, reputation, and ability of the attorney) is particularly relevant. *Barber*, 577 F.2d at 226 n.28. According to Counsel's affidavit, his hourly rate is commensurate with those "of attorneys with reasonably comparable skill, experience, and reputation." ECF 17-2, at 2 ¶ 7. Counsel was first admitted to the New York bar in 2017 and has since been admitted to the Washington, D.C., Virginia, and Maryland bars. *Id.* at 1 ¶ 3. Counsel "began [his] employment with Thatcher Law Firm, LLC," in September of 2019, and has "handled all types of employment law matters, including discrimination, harassment, retaliation, whistleblower protection, and wage and hour claims." *Id.* ¶ 4. In March of 2024, he "became a Partner at Thatcher, Zavaro & Mani," and "represent[s] both employees and employers, large and small, across the D.C., Maryland and Virginia" regions. *Id.* ¶ 5. As part of his many years of experience, he has "litigated multiple wage and hour cases in federal court." *Id.* As to the paralegal rate, Counsel asserts that he is "familiar with the hourly rates prevailing in the community in which [he] lives and practices," and

that "an hourly paralegal rate of $125/hour is consistent with the prevailing rates of paralegals in [his] community." *Id.* at 1–2 ¶¶ 6–7.

A cross-check with the Fitzpatrick Matrix also supports Counsel's assertion that the hourly rates are reasonable. At the time legal services began, Counsel had six years of experience. *See* ECF 17-2, at 1 ¶ 3 (stating Counsel was admitted to the New York bar in 2017); *see also* ECF 22-1 (invoices reflecting legal services were provided from 2023 to 2025). Counsel contends that his rates are "significantly below the[] customary rates" within the Laffey[5] and Fitzpatrick matrices.[6] ECF 20, at 3–4. As noted, the Fitzpatrick Matrix is endorsed by the Local Rules to assist in determining the reasonableness of fees and thus the Court uses it as guidance here. *See* Loc. R. App. B, Guideline 3 (D. Md. Dec. 2025). The Fitzpatrick Matrix billing rates corresponding with Counsel's years of experience from 2023 to 2025 are between $568 and $691 per hour. *See* U.S. Atty's Off. for the Dist. of Columbia, Civ. Div., *The Fitzpatrick Matrix*, https://www.mdd.uscourts.gov/sites/mdd/files/fitzpatrick-matrix.pdf    [https://perma.cc/3H6E-

---

[5] The Legal Services Index (LSI) "Laffey Matrix . . . also pertains to hourly rates of litigation attorneys in Washington, D.C." *Louise Trauma Ctr. LLC v. United States Citizenship & Immigr. Servs.*, Civ. No. RDB-23-1561, 2024 WL 3964761, at *7 (D. Md. Aug. 28, 2024).

[6] More specifically, Counsel asserts that "as [o]f 2023, the Fitzpatrick Matrix lists a rate of $612/hour." ECF 20, at 4. It appears that Counsel is referencing the 2023 rate for an attorney with nine years of experience, however, Counsel had six years of experience in 2023 and therefore the corresponding rate would be $568. *See* Fitzpatrick Matrix. Courts have taken varying approaches to calculating years of experience for purposes of awarding fees. *Compare Jaramillo v. Latino Regal Corp.*, No. 19 CV 3104 (HG) (CLP), 2024 WL 4648135 (E.D.N.Y. Sept. 4, 2024) ("Courts award hourly rates based on the years of experience that the attorney had when they billed the time."), *with Nitkin v. Main Line Health*, No. CV 20-4825-KSM, 2022 WL 2651968, at *3 n.2 (E.D. Pa. July 8, 2022) ("The Court calculates the number of years of experience as of 2021, when the fee petition was filed."). The invoices provided by Plaintiff span from 2023 to 2025, and the fee petition was filed in 2024. The Court observes that regardless of the approach taken here, Counsel's hourly rate is less than the rates within the Fitzpatrick Matrix, and so the Court's analysis remains the same. *See* Fitzpatrick Matrix (setting the rate for an attorney with six to eight years of experience in 2023 to 2025 as $568 to $691 per hour).

DN9L] (hereinafter "Fitzpatrick Matrix"). Counsel's rate of $500 per hour is a reduction of approximately 12% to 18% from the Fitzpatrick Matrix rates noted above and therefore accords with the recommendations of the Guidelines. *See* Loc. R. App. B, Guideline 3 (D. Md. Dec. 2025) (suggesting "a reduction of 5% to 20%" of the Fitzpatrick Matrix rates "to reflect differences between the legal markets in Washington, D.C. and Maryland"). Additionally, the paralegal rate billed here, $125 per hour, is well below the hourly rate set forth in the Fitzpatrick Matrix of between $220 and $255 for 2023 and 2025, respectively. And while the Court does not "treat [the Fitzpatrick Matrix] as establishing a presumptive answer or range of answers," *De Paredes*, 134 F.4th at 753–54, this cross-check with the Fitzpatrick Matrix supports the conclusion that both the attorney and paralegal hourly rates are reasonable.

## 2. Reasonable Hours

The next inquiry is whether the number of hours worked are reasonable. The Court finds *Johnson* factors one (time and labor), eight (results obtained), and eleven (length of the professional relationship) most relevant here. *Barber*, 577 F.2d at 226 n.28.

Plaintiff contends that the number of hours billed is reasonable because "much of the work involved was done in response to the Defendants' actions," including "obstructionist and dilatory tactics" such as "sending incomplete or manipulated reports, withholding reports entirely, ignoring demands for clarification, knowingly labeling partial payments as 'final,' [and] entering into settlement discussions which delayed the filing of the instant suit – only to abandon them without explanation[.]" ECF 20, at 4. Further, Plaintiff asserts "[t]he reasonableness of [her] request is further supported by the fact that she is seeking fees for one attorney, although more than one contributed to her case." *Id.* Counsel's affidavit asserts that the billed work included tasks such as "reviewing Mrs. Schrider's documentation and corresponding with Defendants and Defendants'

11

attorney in Massachusetts over the course of more than one year," "request[ing] and analyz[ing] Zoho reports pertaining to projects for which Mrs. Schrider ha[d] not received her commissions," "communicat[ing] with Defendants' attorneys regarding defects in the Zoho reports," "engag[ing] in extensive negotiations with opposing counsel," and "drafting and filing the Complaint, Motion for Entry of Default, and Motion for Default Judgment." ECF 17-2, at 2 ¶ 9. The invoices are consistent with Counsel's representation as they reflect numerous attempts to communicate with opposing counsel, *see* ECF 22-1, at 2, 4–5, 7–11, 13, 15–16, 18, 20, 26–27, analysis of Zoho reports, *see id.* at 2, 4, and tasks related to drafting the complaint and motions, *see id.* at 12–13, 20, 24–25.

The Court is satisfied that the 67.5 hours of work billed by Counsel in this action, which has included the default judgment process and ultimately a successful judgment in Plaintiff's favor, is reasonable. *Wei v. Xu*, Civ. No. 21-601-ELH, 2022 WL 1422926, at *14–15 (D. Md. May 4, 2022) (determining that for an uncontested default judgment, 72 hours of work was reasonable); *cf. Dominion Fin. Servs. v. Pavlovsky*, 673 F. Supp. 3d 727, 755 (D. Md. 2023) (finding that a total of 166.8 hours of work on litigation involving a contested default judgment was reasonable). Counsel and Plaintiff worked together to pursue Plaintiff's claims for two years, and the legal invoices evince the length of time and amount of effort required of Counsel in this suit. In particular, the invoices show extensive efforts to negotiate with opposing counsel to resolve Plaintiff's claims for over a year. *See* ECF 22-1, at 2, 4–5, 7–11, 13, 15–16, 18, 20, 26–27. Moreover, the record clearly reflects specificity in the more routine legal work done by Counsel, including reviewing documents, correspondence with Plaintiff, negotiation with opposing counsel, researching and drafting motions, and preparation of affidavits. *See, e.g.*, *id.* at 1 ("review of documents sent by client"), 22 (reflecting five attempts to contact opposing counsel), 24 ("drafted

12

motion for default judgment; prepared exhibits; drafted proposed order"). This time, even if some of it was expended "pre-suit," appears compensable as "it was 'reasonably expended on the litigation.'" *Harwood v. Am. Airlines, Inc.*, 37 F.4th 954, 961 (4th Cir. 2022) (quoting *Webb v. Cnty. Bd. of Educ. of Dyer Cnty.*, 471 U.S. 234, 242 (1985)); *see also Ibn-Queen v. T.I.M.E. Org., Inc.*, Civ. No. DLB-20-3501, 2021 WL 1890622, at *3 (D. Md. May 11, 2021) (permitting an award of attorneys' fees for tasks including "time spent investigating plaintiff's claims, attempting pre-suit settlement negotiations, conferring with the plaintiff regarding the facts underlying his claims and settlement negotiations, analyzing plaintiff's potential damages, and negotiating the settlement"). Furthermore, the Court agrees with Plaintiff that writing off 4.7 hours of attorney work is reasonable because that work appears redundant to work already completed by Counsel. *E.g.*, *id.* at 18 ("Reviewed case file and service requirements and next steps."); *see Bobb v. FinePoints Priv. Duty Healthcare, LLC*, 794 F. Supp. 3d 343, 361 (D. Md. 2025) (noting that foregoing "billing for certain compensable activities" supported the reasonableness of hours billed).

However, the Court observes that only one paralegal billing entry is compensable. *See* ECF 22-1, at 27 ("Reviewed and edited Settlement Agreement" for 0.3 hours). The remainder of the time billed for paralegal services is for non-compensable clerical work. *See, e.g., id.* at 20 ("Drafted summonses for all 5 Defendants" and "downloaded, saved, and emailed all 10/16/25 court filings"), 21 ("Filed proof of service" and "saved all stamped copies of filings to g drive"), 24 ("Organized Client's Pleadings folder on shared drive" and "Prepared exhibits/attachments for Motion for Default Judgment"), 25 ("Mailed 5 Motion for Default Judgment to Defendants"), 29 ("called Judge's chambers re status check"), 30 ("Called judge's chambers to speak with law clerk re pending, unopposed motion"). As such, the clerical hours billed will be struck from the fee

award, and Plaintiff will only be awarded 0.3 hours of the paralegal time billed. *Cf. Molina v. KP Stoneymill, Inc.*, Civ. No. GLS-19-3123, 2021 WL 2805838, at *6 (D. Md. July 6, 2021) (striking non-compensable clerical work from a fee award).

Accordingly, based on the calculation of the reasonable hourly rates multiplied by the reasonable hours billed, the Court awards fees for 67.5 hours of attorney work at $500 per hour (totaling $33,750) and 0.3 hours of paralegal work at $125 per hour (totaling $37.50), for a sum of $33,787.50.

### C.    Costs

Plaintiff also requests reimbursement of $1,526.66 in costs. *See* ECF 22, at 1. "The Court has the discretion to determine costs that will be assessed against a losing defendant." *Kubas*, 2024 WL 3487890, at *6 (citing *Roy v. Cnty. of Lexington*, 141 F.3d 533, 549 (4th Cir. 1998)). Costs may include "those reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client, in the course of providing legal services." *Spell v. McDaniel*, 852 F.2d 762, 771 (4th Cir. 1988). Service of process, filing fees, and attorney admission costs, among other things, are reimbursable. *Butler v. PP&G, Inc.*, Civ. No. JRR-20-3084, 2023 WL 6517593, at *4 (D. Md. Oct. 5, 2023). The Court is satisfied that the costs requested here are reasonable and recoverable, as they are associated with reimbursable expenses. *See* ECF 22-1, at 1 ($19.51 for legal research), 2 ($127.31 for legal research and FedEx shipment of demand letter), 13 ($5.26 for legal research), 15 ($2.19 for legal research), 21 ($1,265.28 for legal research, court fees, and service of process), 25 ($107.11 for legal research, mailing motion for default judgment to defendant, and photocopies).

## IV.    CONCLUSION

For the foregoing reasons, the Court **AMENDS** the default judgment order, ECF 19, and dismisses Plaintiff's claims against Brian Devlin and Cindy Ingemi, enters final judgment against Matthew Devlin, Devlin Contracting, and Devlin Solar, and awards damages ($532,840), plus attorney's fees ($33,787.50) and costs ($1,526.66), totaling $568,154.16, for which Matthew Devlin, Devlin Contracting, and Devlin Solar are jointly and severally liable.

A separate implementing Order will issue.

Dated: January 14, 2026                                           /s/
                                                        Brendan A. Hurson
                                                        United States District Judge